**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL A. CHIRCO and**
**DOMINIC MOCERI,**

**Plaintiffs,**

**Case No: 01-CV-71403-DT**

**v.**

**Honorable Denise Page Hood**

**CHARTER OAKS HOMES, INC., et al.,**
**______________________________________/**

**ORDER DENYING MOTION FOR RECONSIDERATION,**
**ORDER DENYING PETITION FOR INTERLOCUTORY APPEAL,**
**AND**
**NOTICE OF FINAL PRETRIAL CONFERENCE**

## I. INTRODUCTION

This matter is before the Court on Defendants Charter Oaks Homes, American Heritage Homes and Bernard Glieberman's Motion for Reconsideration of the Court's March 21, 2005 Order denying Defendants' Motions for Summary Judgment. Specifically, Defendants claim the Court erred in its Order denying: 1) Defendants' Motion for Summary Judgment that the Design of the Knollwood Building is not Protected by Copyright Law and Must Be Filtered Out (Dkt. #149); 2) Defendants' Motion for Partial Summary Judgment of Non-Infringement of the Knollwood Copyright Plans (Vau 356-238); and, 3) Defendants' Rule 56 Motion for Summary Judgment Dismissal of Count II (Violation of Lanham Act) Pursuant to the Decision in *Dastar* (Dkt. #147). Defendants also filed Petition under 28 U.S.C. § 1292(b) to Appeal the Court's March 31, 2005 Decision Denying Defendants' Motions for Summary Judgment.

## II. ANALYSIS

### A. Standard for Motions for Reconsideration

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten (10) days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

The Court finds that the motion presents the same issues ruled upon by the Court, either expressly or by reasonable implication. The Court further finds that the movant has not demonstrated a palpable defect by which the Court and the parties have been misled nor have Defendants shown that a different disposition of the case would result from a correction of any error. The Court addresses below Defendants' arguments.

### B. Defendants' Motion for Reconsideration that the Design of the Knollwood Building is not Protected by Copyright Law and Must Be Filtered Out

As to Defendants' Motion for Summary Judgment that the Design of the Knollwood Building is not Protected by Copyright Law and Must Be Filtered Out, identified by Defendants as Docket No. 149, the Court fully set forth in its March 31, 2005 Opinion its reasons for not ordering that the design be filtered out and Defendants' Motion for Reconsideration on this issue is not

persuasive.

"To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyrighted creation, and that the defendant copied it." *Kohus v. Mariol,* 328 F.3d 848, 853 (6th Cir. 2003). In most cases, a plaintiff may have no direct evidence of copying, and, in such cases, a plaintiff may establish an inference of copying by showing: 1) access to the allegedly-infringed work by the defendant; and 2) a substantial similarity between the two works at issue. *Id.* at 853-54 (quoting *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999)). With regards to the "substantial similar" element, the Sixth Circuit requires a two-step analysis: 1) identifying which aspects of the artist's work, if any, are protectible by copyright; and, 2) determining whether the allegedly infringing work is "substantially similar" to the protectible elements of the artist's work. *Kohus,* 328 F.3d at 318. "The essence of the first step is to filter out the unoriginal, unprotectible elements ... through a variety of analyses." *Id.* at 855.

Defendants' first and second arguments are that the Court erred in shifting the filtering burden to Defendants based on the Court's statement that Defendants failed to identify which aspects of the artist's work are protectible as required by the first step and that they in fact identified the eight design elements that were to be filtered out in its motion, identified as Docket No. 149. Specifically, Defendants "quote from page 6 of Crosswind's brief." (Br., p. 4). The Court's review of Docket No. 149 at page 6 does not reveal the list Defendants claim is on page 6. It is noted that Defendants cite page 6 of "Crosswind's" brief. Crosswind is not a party in the instant case.

The Court is aware that Plaintiff has the overall burden of proof in establishing infringement. However, under Fed. R. Civ. P. Rule 56(c), the Court must view the evidence submitted in light of the non-moving party and summary judgment is proper only "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It is further noted that in copyright infringement cases "granting summary judgment, particularly in favor of a defendant, is a practice to be used sparingly." *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1874) (citations omitted). As this Court noted in its Opinion, Defendants, as the moving party, failed to submit any evidence regarding which specific elements they argue are not protectible. (3/31/05 Opinion, p. 10) Contrary to Defendants' argument, page 6 of Defendants' brief does not set forth any elements which should be filtered out.

Defendants also claim that this Court refused to allow a power point presentation and testimony by Defendants' expert during the hearing. As this Court noted in its Opinion, Rule 56(c) does not provide for an evidentiary hearing, which is essentially a mini-trial. (3/31/05 Opinion, p. 9) Rule 56(c) is specific as to the type of evidence which must be submitted to support a summary judgment motion: pleadings, depositions, answers to interrogatories, admissions on file, or affidavits. Fed. R. Civ. P. 56(c). A power-point presentation with expert testimony at the hearing is not the type of evidence set forth in Rule 56(c). The whole concept of a summary judgment motion is for the moving party to submit any evidence on hand *with* its brief to support the motion and for the non-moving party to rebut that evidence in its response, not to hold a mini-trial with examination and cross-examination of any witnesses. Fed. R. Civ. P. 56(c) and (e). The non-moving party is then given the opportunity to rebut any evidence submitted by the moving party in its response to the motion. Fed. R. Civ. P. 56(e) ("When a motion for summary judgment *is made*

*and supported as provided in this rule, ...* the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.")(italics added). The Court's finding that Defendants did not initially support its summary judgment motion regarding the elements which were not protectible was not in error. Defendants have not shown the "mountain of evidence" they claim they submitted in support of their summary judgment motion.

Defendants' third argument is that because the Knollwood building copyright registration no. VAu356-237 was cancelled and that the Court found the design of the Knollwood building was published and the buildings were constructed prior to the 1990 enactment of the Architectural Works Copyright Protection Law and that the underlying plans are in the public domain, the Court erroneously concluded that the filtering out process need not be employed. Defendants claim the Court erred in finding that the Knollwood plan is not a derivative work since it came before the Aberdeen Village plans, which are the derivative work.

The Court notes that VAu356-237 is the cancelled registration for the Knollwood "buildings." The registration at issue, VAu 356-238 is the registration of the Knollwood "plans." The Court is aware that the Knollwood plan is not a derivative work since it was published before the Aberdeen plan. The Court stated in its Opinion that the derivative works "of the Knollwood plan" were registered–which are the Aberdeen plans. (3/31/05 Opinion, p. 9) The Court was not "misled" by the quotation from the *Stewart v. Abent*, 395 U.S. 207, 233 (1990) case it cited in the Opinion. The Supreme Court ruled that even though there are copyrighted derivative works, the copyright of the underlying original works remains in effect. *Id.* at 233. The cancellation of the Knollwood "building" copyright does not affect the Knollwood "architectural plan" copyright.

*Robert R. Jones Assoc., Inc. v. Nino Homes*, 858 F.2d 274, 280 (6th Cir. 1988). The filtering out process should not be based on the elements of the cancelled Knollwood "building" copyright but the Knollwood "architectural plan" copyright. The Court did not err in its Opinion.

**C. Defendants' Motion for Reconsideration that the Knollwood Plans (Vau 356-238) Were Not Infringed**

Defendants claim that because the Court ruled that Defendants did not reproduce or distribute copies of the Knollwood plans, the Court should have also granted its non-infringement summary judgment motion. Regarding the Vau 356-238 argument, the Court did not err in its finding that there remain genuine issues of material fact as to whether or not the Knollwood Copyrighted Plans (Vau 356-238) were infringed. There is no palpable defect in the Court's reliance upon a previous decision as to the Aberdeen Village plans because Defendants provided the same evidence Defendants relied upon in that decision.

The Court noted in its Opinion, the claims of "reproducing" and "distributing" are different claims than an "infringement" claim under the Copyright Act. (3/31/05 Opinion, pp. 10-11) A finding of non-reproduction and non-distribution does not automatically result in a finding of non-infringement. A non-infringement analysis is clearly different from a reproduction and distribution analysis.

As to Defendants' remaining arguments on non-infringement, the Court finds that the arguments merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. Defendants have not demonstrated a palpable defect by which the Court and the parties have been misled or shown that a different disposition of the case must result from a correction thereof. The Court clearly states in its Opinion that the Aberdeen Village plans are derivative works of the Knollwood plans and, therefore, any analysis regarding access has been ruled upon by the

Court in its October 10, 2003 Opinion. (3/31/05 Opinion, pp. 12-14) The Court's analysis is supported by Defendants' own analysis based on its expert's report, attached as Tab 1 to their motion. Mr. Douglas A. Johnson expressly compares the Heritage plans to ***both the Knollwood and Aberdeen plans***, without distinction. Mr. Johnson specifically states in his report that "Knollwood and Aberdeen Village are Essentially the Same." (Defendants' Motion for Summary Judgment, Tab 1, pp. 2-3) Defendants used that exact report to support their summary judgment motion as to the Aberdeen Village plans. Since Defendants did not separate out the differences between the Knollwood and Aberdeen plans in their summary judgment motion, the Court, therefore, need not do so in its own analysis especially if Defendants' own expert failed to do so. Defendants' argument that this Court should analyze the Knollwood plan apart from the Aberdeen plan is most disingenuous. Defendants failed to initially support its summary judgment motion on their claim of non-infringement of the Knollwood plans.

As the Court noted in its March 31, 2005 Opinion, the derivative works of the Knollwood plan were registered. (3/31/05 Opinion, p. 9) The issue is not whether the Heritage plans are a "derivative of the Knollwood plans" as argued now by Defendants, but whether Defendants' Heritage plans infringe Plaintiffs' Knollwood copyrighted plans. The Court need not find that Defendants' Heritage plans are a "derivative of the Knollwood plans" in order to determine infringement. The Court did not err in its analysis.

**D. Defendants' Motion for Reconsideration based on *Dastar***

This motion is essentially a second untimely Motion for Reconsideration on the *Dastar* issue. The Court notes E.D. Mich. L.R. 7.1(g) does not provide for a second Motion for Reconsideration. Defendants have failed to cite a rule providing for a second Motion for Reconsideration. For the

same reasons set forth in its March 31, 2005 Opinion, the Court denies Defendants' Motion for Summary Judgment based on *Dastar*.

**E. Leave to Appeal**

Defendants seek leave to appeal from the Court's March 31, 2005 Opinion under 28 U.S.C. § 1292(b). Plaintiffs oppose the motion.

The general rule is that the court of appeals may only review final orders issued by the district court under 28 U.S.C. § 1291. Interlocutory appeals under § 1292(b) are an exception to the general policy against piecemeal appellate review set forth in § 1291. Section 1292(b) is to be used sparingly. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). The express language of 28 U.S.C. §1292(b) requires that the district court must find that an order involves a controlling question of law where there is substantial ground for difference of opinion and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Sixth Circuit has set forth four elements to establish certification: 1) the question involved must be one of "law"; 2) it must be "controlling"; 3) there must be substantial ground for "difference of opinion" about it; and 4) an immediate appeal must materially advance the ultimate termination of the litigation. *Vitols*, 984 F.2d at 170. It is noted that Defendants did not discuss the four-factor test set forth by the Sixth Circuit in their motion.

As to the first element, the question involved must be one of "law," Defendants seek an appeal of the Court's denial of their three summary judgment motions: 1) Defendants' Motion for Summary Judgment that the Design of the Knollwood Building is Not Protected by Copyright Law and Must be Filtered Out; 2) Defendants' Motion for Partial Summary Judgment of Non-Infringement of Knollwood Copyright Plans (Vau 342-238); and Defendants' Rule 56 Motion for

Summary Judgment of Count II (Violation of Lanham Act) Pursuant to a Decision in *Dastar*. Defendants' motion sets forth "facts" which they claim support their motion. The questions involved in Defendants' appeal do not involve a "question of law."

Since the questions do not involve an issue of "law," then Defendants have not met the second element that the question of law must be "controlling." Even if Defendants have raised issues of law, the issues of law are not controlling in this case.

Defendants have not set forth any substantial ground for "difference of opinion" about the issues of law, other than their disagreement with the Court's decision. Defendants have not met the third element to establish that they are entitled to an interlocutory appeal.

Defendants have also failed to meet the fourth element–that an immediate appeal must materially advance the ultimate termination of the litigation. As noted above, Defendants raise issues of fact and conclusions of law by the Court with which they do not agree. An interlocutory appeal will not materially advance the ultimate termination of the litigation. Defendants have not shown that they are entitled to an interlocutory appeal under 28 U.S.C. § 1292(b).

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion Under L.R. 7.1(g) for Reconsideration of the Court's March 31, 2005 Opinion and Order Denying Three of Defendants' Motions for Summary Judgment **(Docket No. 179, filed April 14, 2005)** is DENIED.

IT IS FURTHER ORDERED that Defendants' Petition Under 28 U.S.C. § 1292(b) to Appeal the Court's March 31, 2005 Decision Denying Defendants' Motions for Summary Judgment **(Docket No. 180, filed April 29, 2005)** is DENIED.

IT IS FURTHER ORDERED that a Final Pretrial Conference be held in this matter on **Monday, May 22, 2006, 2:15 p.m.** The proposed Joint Final Pretrial Order pursuant to E.D. Mich. Local Rule 16.2 must be submitted to Chambers by **May 15, 2006**. All parties with authority to settle must appear at the Final Pretrial Conference. A trial date will be set at the conference.

/s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: March 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager