**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL A. CHIRCO and
DOMINIC MOCERI,

    Plaintiffs,

v.

CHARTER OAK HOMES, INC.
AMERICAN HERITAGE HOMES, L.L.C.,
BERNARD GLIEBERMAN and
PROGRESSIVE ASSOCIATES, INC.,

    Defendants.
_____/

Case No. 01-CV-71403-DT

HONORABLE DENISE PAGE HOOD

**MEMORANDUM OPINION AND ORDER RE:
MOTION FOR JUDGMENT AFTER VERDICT OR FOR NEW TRIAL,
MOTION FOR ATTORNEY FEES AND COSTS, and
MOTION TO STRIKE COSTS TAXED**

**I.  BACKGROUND**

Plaintiffs Michael A. Chirco and Dominic Moceri filed the instant action against Defendants Charter Oak Homes, Inc., American Heritage Homes, L.L.C., Bernard Glieberman and Progressive Associates, Inc. Defendant Progressive Associates was dismissed on July 7, 2006 pursuant to a Stipulation and Order.

Plaintiffs' First Amended Complaint filed on November 7, 2001 alleges: copyright infringement (Count I); false designation of origin under the Lanham Act, 15 U.S.C. § 1125 (Count II); and unfair competition and unfair trade practices under M.C.L.A. § 445.903 and the common law (Count III). Count III was dismissed on November 7, 2002 pursuant to the parties' stipulation. In an October 10, 2003 Memorandum Opinion and Order, the Court denied Defendants Charter Oak Homes and Glieberman's Motions for Summary Judgment on Counts I and II.

On November 26, 2001, the Charter Oak Homes Defendants filed a First Amended Counterclaim alleging: Plaintiffs' copyrights are invalid (Count I); the copyrights are not infringed (Count II); copyright misuse because Plaintiffs protected "ideas" instead of the "expression of ideas" (Count III); copyright misuse in violation of 17 U.S.C. § 101 (Count IV); slander based on filing of improper notice of lis pendens (Count V); tortious interference with a business relationship (Count VI); and, violation of the Michigan antitrust law, M.C.L. § 445.771 (Count VII). Defendants withdrew Count VI, tortious interference with contracts and business relationships.

The Joint Final Pretrial Order entered in this case sets forth the claims to be tried by the jury. Plaintiffs claim they are the exclusive licensees of three copyrights for the design of a condominium building: the Knollwood Plans Copyright, the Aberdeen Plans Copyright, and the Aberdeen Building Copyright. (JFPTO, p. 2) Plaintiffs claim that Defendants infringed these three Copyrights. Plaintiffs also claim that Defendants' promotion, marketing and sale of the Heritage condominiums violated the Lanham Act and Defendants' actions created a likelihood of confusion with Plaintiffs' Aberdeen condominiums. (JFPTO, p. 2) Plaintiffs sought to hold Defendant Glieberman personally liable based on his contributory infringement and his vicarious infringement. (JFPTO, p. 2)

Defendants' counterclaim and affirmative defenses allege the asserted copyrights are invalid and that the copyrights are not protectible under the Copyright Act.

Three copyrights were at issue at trial: the Knollwood Plans Copyright (Reg. No. Vau-356-238 ("'238"), the Aberdeen Plans Copyright (Reg. No. Vau-356-236) ("'236"), and the Aberdeen Building Copyright (Reg. No. Vau-356-234) ("'235"). The Aberdeen Building was known as a 12-plex building. The accused building is a building known as the Heritage 12-plex condominium.

A jury trial was held on the matter beginning on September 18, 2006. The jury rendered its

verdict on October 11, 2006, finding in favor of the Defendants. On October 25, 2006, Plaintiffs filed the instant Motion for Judgment After Verdict or for a New Trial. A response and reply have been filed. Defendants also filed a Motion for Attorney Fees and Costs and a response has been filed to that motion. Plaintiffs also filed a Motion to Strike Costs Taxed which Defendants opposed.

## II. PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, MOTION FOR A NEW TRIAL

### A. Renewed Motion for Judgment as a Matter of Law, Fed. R. Civ. P. 50(b)

#### 1. Standard of Review

A Motion for a Renewed Motion for Judgment as a Matter of Law under Fed.R.Civ.P. Rule 50(a) provides:

> (a) Judgment as a Matter of Law.
>
> (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
>
> (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

Fed.R.Civ.P. 50(a). If the court does not rule on the motion for judgment as a matter of law after the close of all the evidence, the court is considered to have submitted the action to the jury. Fed.R.Civ.P. 50(b). The motion may be renewed by filing a motion no later than ten (10) days after the judgment has been entered. Fed.R.Civ.P. 50(b).

Judgment as a matter of law is appropriate when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and

reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Federal Express, Corp.,* 415 F.3d 516, 527 (6th Cir. 2005). "The evidence should not be weighed, and the credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences." *Id.* at 530. A Rule 50 motion should be granted, "only if reasonable minds could not come to a conclusion other than one favoring the movant." *Id.*

Plaintiffs initially filed a Rule 50(a) motion on October 10, 2006, which the Court denied on the record. Plaintiffs filed the instant motion on October 25, 2006, raising four arguments to support their Renewed Motion for Judgment as a Matter of Law that: 1) no reasonable jury could find that the Knollwood Copyright is invalid; 2) there was no evidence, much less material evidence, to support a conclusion that the Knollwood Plans Registration was invalid; 3) even if there had been evidence relating to the copyright registration for the Knollwood Plans, such evidence would relate only to the validity of the certificate and not to the validity of the underlying copyright; and, 4) the jury's subsequent analysis of copyright infringement was based on its erroneous belief that the Knollwood Plans Copyright was invalid, and led to an erroneous determination of no copyright infringement.

### 2. Validity of Knollwood Copyright

Plaintiffs argue that the Knollwood Plans Copyright was valid and that Defendants offered no competent evidence to challenge the validity of the Knollwood Plans Copyright. Plaintiffs claim there was no dispute that the Knollwood Plans Copyright was original to Ronald Mayotte, an architect, and that there was no evidence presented that Mr. Mayotte copied his drawings from the

4

work of another. Plaintiffs further claim that there was no evidence which would allow a reasonable jury to conclude that there was some knowing misrepresentation to the Copyright Office which would have rendered the Knollwood Plans Copyright registrations invalid. Plaintiffs claim the evidence regarding this issue only related to purported errors in the two later copyright registrations for the Aberdeen Village Plans and the Aberdeen Village Architectural Works. Plaintiffs finally claim that none of the evidence, which relates, at most to error in the copyright registrations, relates in any way to the validity of the underlying copyrights.

In response, Defendants argue that Plaintiffs made no attempt to distinguish the three copyrights at issue. Instead, Defendants claim Plaintiffs focused almost exclusively on the alleged similarities between the Aberdeen and the accused-Heritage complexes. Defendants argue that Plaintiffs did not make any real attempt to offer any evidence to the jury that the Knollwood Plans were similar to the accused-buildings. The only evidence Plaintiffs offered as to the validity of the Knollwood Plans was the deposition transcript testimony of Mr. Mayotte, which Defendants argue was cursory at best and left much to be desired as to weight and credibility. Defendants claim that the Knollwood building design, and, by extension, the building plans, were invalid for lack of originality because it was based upon pre-existing 8-plex buildings and did little more than add age-old carriage units and extra garages on both ends of the buildings to accommodate the additional units. Defendants claim they presented the jury with an abundance of admissions by Plaintiffs, testimony of Defendants and Defendants' witnesses that Plaintiffs' copyrights were invalid and had not been infringed. Defendants claim that they presented evidence that Plaintiffs' copyrights lacked originality. Plaintiff Moceri himself admitted that the Knollwood and Aberdeen plans were essentially a variation of the 8-plex buildings in existence with a few additions from other designs

and extra garages, according to Defendants. Plaintiffs admitted that they had knowledge of, and proximity to, pre-existing 10-plex buildings which were substantially similar to the Aberdeen 12-plex building. Defendants' expert, Douglas Johnson, testified that the design features contained in the Aberdeen 12-plex building could be found in designs pre-dating the Knollwood Building. Defendants argue that Plaintiffs did not object to the jury instructions regarding Plaintiffs' burden to establish the validity of Plaintiffs' underlying copyrights. Plaintiffs initially submitted a proposed Jury Instruction No. 15 which expressly stated that since the Knollwood Copyright Registration was not filed within five years, there was no presumption as to the validity of the registration or, by omission, the validity of the underlying copyright.

In their reply, Plaintiffs claim that Defendants offer only speculation that the jury might have concluded the Knollwood Plans Copyright was invalid because of Plaintiffs' strategy of focusing on the Aberdeen Building Copyright. Plaintiffs claim that even if this was their strategy, focus on the Aberdeen Building Copyright says nothing about the validity of the Knollwood Copyright. Plaintiffs argue it was clearly erroneous for the Court to submit to the jury the question of whether the Knollwood Copyright was invalid.

The Court finds it did not err in submitting to the jury the question of whether the Knollwood Copyright was valid since this was one of the Defendants' counterclaims and affirmative defenses. Defendants were entitled to jury instructions on the issue of invalidity. Plaintiffs did not object to the jury instructions on invalidity. Although Plaintiffs argue in their Motion for Judgment brief that there was no evidence which created a factual issue as to the validity of the copyright, the evidence submitted by Defendants was sufficient for the jury to consider the issue. Defendants' architect, Daniel Tosch, testified at trial that he created the Heritage 12-plex based on designs he had been

involved in since 1971, which pre-dated Plaintiffs' copyrights. (Tr. at 153) Plaintiff Chirco testified that he had knowledge of what Defendants argue are pre-existing 10-plex designs which were substantially similar to the Aberdeen 12-plex. (Tr. at 60-61) Plaintiff Moceri testified that the Knollwood and Aberdeen buildings were essentially a variation of an 8-plex design with a few additions and extra garages. (Tr. at 87, 92-94) Defendants' expert, Douglas Johnson, testified that the Aberdeen 12-plex could be found in designs pre-dating the Knollwood Building. (Tr. at 32, 37)

As noted by Plaintiffs in their brief, a finding of invalidity of a copyright registration, even if made by the Copyright Office itself, would only remove the presumption of validity. (Ps' Br. at 6) Plaintiffs argue that defense counsel's closing argument was in error when defense counsel indicated that the Knollwood Plan was invalid because there was no presumption of validity since it was not filed within five years, and, therefore, there was no presumption as to the validity of the registration. Plaintiffs' proposed jury instructions and the jury instructions given by the Court state that the registration for the Knollwood Plans was not filed within five years of creation and therefore was not presumed valid. The Court went on to note that the effect of an invalid registration was simply to remove the presumption of validity but it did not affect the underlying copyright. The Court instructed the jury that counsel's arguments were not evidence.

The Court finds there was sufficient evidence to submit the issue of the validity of the Knollwood Plans Copyright to the jury. The Rule 50(b) motion by Plaintiffs cannot be granted since reasonable minds could come to the same conclusion the jury reached in finding that the Knollwood Copyright was invalid. Plaintiffs' argument that the finding of an invalid Knollwood Copyright was inconsistent since the jury found the Aberdeen Village Plans and the Aberdeen Village Building copyrights valid may have some merit given that the Aberdeen Plans were argued as derivatives of

7

the Knollwood Copyright. However, as noted by Plaintiffs themselves, because the Knollwood Copyright was not registered, the presumption of validity as to the registration is removed. Although the underlying copyright is not affected, the jury could have reasonably come to the conclusion that the copyright was not valid since Plaintiffs' focus at trial was the Aberdeen Plans. A finding of validity as to the Aberdeen Plans is not inconsistent since these Plans were presumed valid.

Even if the jury found all three copyrights valid, the jury answered "No" to the second question of the Special Verdict Form, which included the Knollwood Plans, "Do you find that any of Plaintiffs' copyrights have been infringed?"

### 3. Infringement

Plaintiffs argue that the evidence established that Defendants had access to the Knollwood/Aberdeen Village designs. Plaintiffs further argue that Defendants' own admissions and the admission of Defendants' own architect confirm that the accused-Heritage design was identical to the Knollwood/Aberdeen Village designs. This evidence, Plaintiffs argue, is overwhelming evidence of substantial similarity to show infringement. In response, Defendants argue that the record is replete with evidence that Defendants did not infringe the copyrights and that the accused-Heritage building was independently created.

The Court finds the jury's verdict of non infringement was reasonable. The accused-Heritage building architect, Mr. Tosch, testified that Heritage was independently created, without reviewing the Knollwood or Aberdeen Plans or Buildings. (10/03/06 Tr. at 149-153) Mr. Tosch testified that the Heritage was a natural progression of his previous designs which pre-dated Plaintiffs' copyrights. (10/03/06 Tr. at 149-152) Although Plaintiffs presented evidence to the

contrary, Defendants offered evidence that they did not have meaningful access to the copyrighted materials and buildings. Defendants testified that they never saw either the Knollwood or Aberdeen Plans. (10/03/06 Tr. at 42; 9/25/06 Tr. at 117) Defendant Glieberman denied walking through the Aberdeen 12-plex building. (9/25/06 at 29) Mr. Tosch denied he had access to the Aberdeen Village project. (10/03/06 Tr. at 151)

Defendants presented evidence that the Heritage plans were neither substantially nor strikingly similar to Plaintiffs' Knollwood or Aberdeen Plans. Defendants' expert, Mr. Johnson, went through each page of all the building plans to show the non-similarities between the accused plans and the overall lack of similarity in the look and feel of the various buildings. (10/04/06 Tr. at 59-85, 109-118)

Viewing the evidence in the light most favorable to Defendants, without judging the credibility of the witnesses and without weighing the evidence, reasonable minds could come to the same conclusion the jury reached in this case of non infringement. The Court cannot find that reasonable minds could only come to the conclusion that Defendants infringed Plaintiffs' copyrights.

**B.   Motion for New Trial, Fed. R. Civ. P. 59(a)**

**1.   Standard**

Alternatively, Plaintiffs seek a new trial arguing that the verdict was against the clear weight of the evidence, especially in connection with the jury's finding that the Knollwood copyright was invalid. Plaintiffs argue that the jury's other findings of non infringement flowed from the finding that the Knollwood Copyright is invalid.

In response, Defendants argue that the jury's finding that the Knollwood Copyright was invalid was not against the great weight of the evidence and that the finding of the Knollwood

9

Copyright invalid did not adversely influence the jury's consideration of whether Defendants infringed the Copyrights.

A Motion for New Trial under Rule 59 of the Federal Rules of Civil Procedures provides states in pertinent part:

> **(a)** **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...

Fed.R.Civ.P. 59(a). Specific grounds for new trial have included: that the verdict is against the weight of the evidence; that the damages are excessive; that, for other reasons the trial was not fair; that there were substantial errors in the admission or rejection of evidence; that the giving or refusal of instructions was in error; and misconduct of counsel. *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980). The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991). A Motion to Amend or Alter a Judgment under Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 6(b) provides that the district court may not extend the time under Rule 59(e).

### 2. Sufficiency of the Evidence

A court may set aside a verdict and grant a new trial if it finds that the verdict is against the

clear weight of the evidence. *Barnes v. Owens-Corning Fiberglas Corp.,* 201 F.3d 815, 820 (6th Cir. 2000). Even if the verdict was against the weight of the evidence, new trials are not to be granted unless the verdict was unreasonable. *Id.* at 820-21. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because the judge feels that other results are more reasonable. *Id.*

The Court finds that the jury's verdict that the Knollwood Plans Copyright was invalid was not against the clear weight of the evidence. The jury may not have been able to discern from Plaintiffs' presentation of the evidence that the Knollwood Plans Copyright were valid, in light of the Defendants' arguments that Plaintiffs did not focus on the Knollwood Plans Copyright in Plaintiffs' presentations of the proofs. In any event, there was evidence presented by Defendants, as noted in the previous analysis, that the Knollwood Plans were not original.

As previously noted, although the jury verdict may have been inconsistent on the validity issue of all three copyrights, the jury expressly found that Defendants did not infringe any of the three copyrights at issue. There were sufficient facts to support the jury's verdict as previously noted. The Court cannot find that the verdict was against the clear weight of the evidence.

### 3. Closing Arguments

Plaintiffs briefly refer to the defense counsel's closing arguments as to the validity of the Knollwood Plans Copyright, arguing that the jury was misled by defense counsel's arguments. The objecting party has a heavy burden of showing that a new trial is warranted based on a few words in a long closing argument. *In re Air Crash Disaster*, 86 F.3d 498, 526 (6th Cir. 1996). Although comments may be inappropriate, the objecting party must demonstrate that it was unfairly prejudiced by the comments. *Id.* at 525. The court must examine, on a case-by-case basis, the totality of the

11

circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself. *Id.* (quoting *City of Cleveland*, 624 F.2d at 756). "Not every departure from proper courtroom decorum commands reversal and a new trial." *United States v. Cooper*, 577 F.2d 1079, 1086 (6th Cir. 1978).

The Court instructed the jury that the statements and arguments of the lawyers should not be considered as evidence in the case. Plaintiffs admit in their reply brief that defense counsel's argument could not constitute evidence. (Pl. Rep. at 4) Defense counsel's statement that the Knollwood Plans Copyright was invalid because it was not timely registered was one phrase in defense counsel's closing arguments. Plaintiffs have not carried their heavy burden that defense counsel's misstatement of the law prejudiced Plaintiffs, especially since Plaintiffs did not object to the statement on the record and Plaintiffs admit that the closing argument does not constitute evidence.

### 4. Jury Instructions/Special Verdict Form

Plaintiffs do not expressly argue that the Jury Instructions, as agreed upon by the parties, and the Special Verdict Form, which Plaintiffs did not object to, were in error. Plaintiffs claim they repeatedly objected to any issue relating to the validity of either the copyright or the registration to the jury, starting with their Motion for Judgment filed October 10, 2006.

Federal procedural law governs questions regarding the propriety of jury instructions while state law determines the substance of jury instructions in a diversity action. *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000). Trial courts have broad discretion in framing jury instructions and such discretion is reviewed based on the "jury instructions as a whole in order to determine

whether the instructions adequately inform the jury of relevant considerations and provide a basis in law for aiding the jury to reach its decision." *Id.* (internal quotations and alterations omitted) "A district court's refusal to give a jury instruction constitutes reversible error if: (1) the omitted instructions are a correct statement of the law; (2) the instruction is not substantially covered by other delivered charges; (3) the failure to give the instruction impairs the requesting party's theory of the case." *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 820 (6th Cir. 1999)(internal quotations omitted). "A judgment may be reversed only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 72-73 (6th Cir. 1990).

A new trial is warranted on any alleged errors in the verdict form only if the questions "mislead or confuse the jury, or if they inaccurately frame the issues to be resolved by the jury." *Swans v. City of Lansing,* 65 F.Supp.2d 625, 639 (W.D. Mich. 1998)(*quoting Shah v. Pan American World Services, Inc.,* 148 F.3d 84, 96 (2d Cir. 1998)). The special verdict questions "must be read in conjunction with the judge's charge to the jury." *Id.*; *Waggoner v. Mosti,* 792 F.2d 595, 597 (6th Cir. 1986).

Plaintiffs' argument in their reply brief that they "repeatedly" objected to the instructions or the verdict form is not supported by the record. Plaintiffs have not submitted any trial transcript which shows that they "repeatedly" objected to the instructions or verdict form at trial. The Motion for Judgment referred to by the Plaintiffs in their reply brief merely argued that Defendants' counterclaims and affirmative defenses "cannot prevail" and the claims are not "supported by any credible evidence" or "supported by the law." (10/10/06 Motion for Judgment, Doc. No. 241 at p. 4) These statements do not constitute an objection to the Jury Instructions or Special Verdict Form.

As a whole, and read together, the Jury Instructions and the Special Verdict Form accurately framed the issues to be resolved by the jury. The Jury Instructions specifically noted that the invalidity of the registration removes the presumption of validity but it does not affect the underlying copyright. Plaintiffs do not argue that the Jury Instructions on infringement or the Special Verdict Form relating to infringement were in error.

### III.     DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS

Motions for costs and attorney fees are governed by Fed.R.Civ.P. 54(d). Costs, other than attorney fees, are allowed under Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920 *et seq.* Costs are to be submitted to the Taxation Clerk and taxed by the Clerk's Office pursuant to E.D. Mich. LR 54.1 and the Bill of Costs Handbook available in the Clerk's Office. Defendants submitted their Bill of Costs, which the Clerk taxed on December 22, 2006.

Claims for attorney fees must be made by motion. Fed.R.Civ.P. 54(d)(2)(A). Unless a local rule governs otherwise, a motion for attorney fees must be filed no later than 14 days after entry of judgment. Fed.R.Civ.P. 54(d)(2)(B).[1] Where a post-judgment motion has been filed, the time limit shall begin to run upon the denial of the motion. See *Miltimore Sales, Inc. v. International Rectifier*, 412 F.3d 685 (6th Cir. 2005).

Plaintiff objected to Defendants' Motion for Attorney Fees as prematurely filed. The Court agrees with Plaintiffs that the motion was prematurely filed, based on the *Miltimore Sales* case noted above. However, the Court finds that any award of attorney fees in this case is inappropriate.

Plaintiffs filed the instant copyright action under 17 U.S.C. § 501 *et seq.* A jury verdict was

---

[1] Effective June 1, 2007, E.D. Mich. L.R. 54.1.2 provides that a motion for attorney fees must be filed within 28 days after the entry of judgment, unless a post-judgment motion has been filed.

14

rendered against Plaintiffs and in favor of Defendants. Defendants cite 17 U.S.C. § 505 in support of their request for attorney fees which states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

An award of costs and attorney's fees under 17 U.S.C. § 505 is discretionary. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533 (1994). In its discretion, the trial court may award costs, including reasonable attorney fees, to the prevailing party. 17 U.S.C. § 505. "This discretion must be exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act. *Fogerty,* 510 U.S. at 534. Although there is no precise rule or formula for making these determinations, the court must exercise equitable discretion in light of the considerations the Supreme Court set forth in *Fogerty*. *Id.* Nonexclusive factors which may be considered to guide the trial court's discretion include: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 535.

Attorney fees are not automatically awarded to every prevailing party. The Sixth Circuit reversed an award of attorney fees to a prevailing defendant concluding that the plaintiff had presented unsettled questions of law and one or more colorable claims of infringement. *Murray Hill Pub'ns, Inc. v. ABC Communications,* 264 F.3d 622, 640 (6th Cir. 2001). It generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim. *Bridgeport Music, Inc. v. Rhyme*

15

*Syndicate Music,* 376 F.3d 615, 628 (6th Cir. 2004).

The Court finds that although Plaintiffs in this case were unsuccessful at trial, Plaintiffs advanced reasonable claims of infringement. Plaintiffs claims were not filed frivolously. Defendants filed various summary judgment motions and motions for reconsideration during the pre-trial phase. Plaintiffs survived summary judgment and proceeded to trial on their colorable claims of infringement. In addition, there were unsettled questions of law before the Court, in light of the Defendants' motion on the Supreme Court's decision in *Dastar v. Twentieth Century Fox,* 539 U.S. 23 (2003). The Court will not award the prevailing Defendants their costs and attorney fees under 17 U.S.C. § 505.

## IV. PLAINTIFFS' MOTION TO STRIKE COSTS TAXED

Plaintiffs seek to strike the costs taxed by the Clerk on December 22, 2006. Plaintiffs filed the instant motion on January 2, 2007. Plaintiffs argues that because the Judgment is not final, the taxed costs should be stricken as premature.

The cases cited by Plaintiffs, including the *Miltimore* decision by the Sixth Circuit noted above involve attorney fees as costs under Fed. R. Civ. P. 54(d)(2), not those taxed by the Clerk under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. The Bill of Costs Handbook effective at the time Defendants filed their costs stated that the Clerk will tax costs even if the case is appealed, unless a stay pending the appeal was issued by the Court. The parties could also agree in writing (to the Clerk) if they wish to defer the taxation of the costs until the conclusion of the appellate proceedings. (E.D. Mich. Bill of Costs Handbook) Here, the parties have not agreed to defer the taxation of the costs and no stay pending any post-judgment proceedings has been entered by the Court. Plaintiffs' Motion to Strike Costs Taxed is denied.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Judgment After Verdict or for New Trial **(Doc. No. 244, filed October 25, 2006)** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Attorney Fees and Costs under 17 U.S.C. § 505 **(Doc. No. 245, filed October 25, 2006)** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Costs Taxed **(Doc. No. 255, filed January 2, 2007)** is DENIED.


          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: April 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2008, by electronic and/or ordinary mail.

          S/William F. Lewis
          Case Manager